LEWIS *versus* PRESIDENT, &c. OF THE EASTERN BANK.

The directors of a bank have authority, in behalf of the corporation, to release a person, whom they propose to call as a witness.

The cashier of a bank, being released, is a competent witness for the bank to prove, that through a mistake, he had given too large a credit to a depositor, in the bank book, made for him by the cashier.

ASSUMPSIT. The plaintiff was a depositor in the defendants' bank. He introduced his bank book, in the handwriting of the cashier, in which he had been credited on deposit $604,61; but a few days after that credit had been given, the cashier altered its amount to $504,61, when having occasion to make a new entry on the book.

This suit is brought to recover the difference, $100. The directors, in behalf of the bank, discharged the cashier, without any consideration, by giving him a release under the seal of the corporation, and he was admitted as a witness, against the plaintiff's objection, and testified, that in making the first entry, he, by mistake, credited the plaintiff too large a sum by $100.

If the cashier was rightfully received as a witness, the plaintiff agreed to become nonsuit; otherwise the defendants to be defaulted.

*A. W. Paine*, for plaintiff.

The cashier being really the party in interest, is not admissible. 1 Greenl. Ev. § 395. Nor is he made so by the discharge, introduced, because it is void, the directors having no authority to grant it.

The cashier's bond is given for the benefit of the stockholders and depositors, and the directors have no power to discharge it, either wholly or in part, without a full consideration. They have no right to make donations or misappropriate the funds of the bank in violation of law and its rules. R. S. c. 77, § 24; *Frankfort Bank* v. *Johnson*, 24 Maine, 502; *Salem Bank* v. *Gloucester Bank*, 17 Mass. 29, 30; *Wyman* v. *H. & A. Bank*, 14 Mass. 63.

They cannot authorize the payment of money which they do not owe. Angell & Ames on Corp. 294, c. 9, § 9, 2.

The question of admissibility is to be determined by the facts existing in proof at the time the witness is offered. In this case, plaintiff had proved his claim. Against this claim the stockholders and depositors had a full indemnity in the cashier's bond. This was of value, and could no more be given away than a note of hand or bag of coin.

The directors are *quasi* trustees, charged with the trust of controlling and guarding the money of the bank and superintending its profitable investment. Their powers are necessarily limited to the means of effecting this object. Whatever is inconsistent therewith they have no right to do.

The cashier had an interest in the judgment.

Even though the witness be admissible, the evidence which he offered is not. The entries on the bank book are conclusive, and cannot be contradicted. By no other rule can there be safety. 4 Johns. 377.

*Peters*, for the defendants.

WELLS, J. — The question presented in this case is, whether the cashier of a bank is a competent witness for the bank, to testify to a mistake made by him in entering a deposit in the plaintiff's bank book for too large a sum.

It is agreed, that the witness before testifying, received a discharge, duly made under seal, granted him by a vote of the directors of the bank, without any thing having been paid by him for it.

It is contended on the part of the plaintiff, that the directors have no power to authorize a release of the witness, without the consent of the stockholders.

The directors have the care of the financial affairs of the bank, within the scope of its charter and the provisions of the statute. They can direct the prosecution or defence of suits involving its interests. Having such power, they possess all that is incident to it, and can judge of the mode and manner of exercising it. It became their duty to determine as to the

course most proper to be pursued, in relation to the interests of the bank, in defending this suit. They must either release the witness, with a reasonable expectation that his testimony would enable the bank to recover, or allow the case to take its ordinary course, and have the question of his admissibility settled by law, and if a decision should be adverse to the bank, then commence a suit against the witness, when they were also probably satisfied, that he had acted honestly, but had merely made a mistake. They did not give away the property of the bank, but elected what was best, in their judgment, to be done to protect it from loss. And in our opinion, they have not exceeded their power.

The entry in the bank book is substantially a receipt, by which the bank acknowledges the reception of the money on deposit, through the agency of its cashier. It is now well settled, that receipts are open to explanation by parol evidence. This case falls within that principle, and the testimony is admissible for that purpose.

It does not become necessary to decide the question of the admissibility of the witness if no release had been given to him. *Plaintiff nonsuit.*